1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALERIE D. JOHNSON,

            Plaintiff,

      v.

JENNY YANG, Chair, Equal Employment
Opportunity Commission,

            Defendant.

Case No. C15-167RSL

ORDER GRANTING MOTION TO
DISMISS

## I.  INTRODUCTION

This matter comes before the Court on "Defendant's Motion To Dismiss."  Dkt. # 8.
Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as
follows.

## II.  DISCUSSION

Plaintiff is an employee of the United States Equal Employment Opportunity Commission
("Commission" or "EEOC") who has filed suit against defendant alleging that the Commission
discriminated against her because of her race and retaliated against her for protected activity, in
violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII").  Plaintiff
filed an administrative EEO complaint on January 7, 2015, Dkt. # 9 (Murphy Decl.) ¶ 3, and
filed this action on February 5, 2015, Dkt. # 1 (Compl.).

ORDER GRANTING MOTION TO DISMISS - 1

1   Plaintiff has not exhausted her administrative remedies, which is a precondition to filing

2   suit under Title VII.  See, e.g., Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002);

3   Vinieratos v. United States Dep't of Air Force ex rel. Aldridge, 939 F.2d 762, 769 (9th Cir.

4   1991).  Under 29 C.F.R. § 1614.407, after filing an EEO complaint, a plaintiff must wait a

5   minimum of 180 days before filing suit in district court unless the Commission issues a final

6   action on her complaint within that timeframe.[1]  Once a party appeals to a statutory agency,

7   board or commission, the appeal must be exhausted; "impatience with the agency does not

8   justify immediate resort to the courts."  Rivera v. United States Postal Service, 830 F.2d 1037,

9   1039 (9th Cir. 1987).  Plaintiff filed this action within 30 days of filing her EEO complaint, and

10  no final decision has been issued regarding the latter, Dkt. # 9 (Murphy Decl.) ¶ 4 (plaintiff's

11  claims have not yet even been investigated).  Thus, plaintiff has failed to exhaust her

12  administrative remedies.  While the exhaustion requirement is subject to equitable modification,

13  see, e.g., Thompson v. Holder, 2014 WL 584884, at *2 (D. Nev. Feb. 11, 2014), the Court finds

14  no equitable reason not to apply § 1614.407 in this case.

15          Plaintiff suggests that her current claims should be exempt from the above exhaustion

16  requirement because, according to plaintiff, they are related to retaliation claims that she

17  previously raised in this District and that were dismissed without prejudice in 2011.  Dkt. # 12

18  (Pl. Resp.) at 3.  In her previous action, plaintiff alleged that the Commission breached a 2006

19  settlement agreement between the parties by refusing to give her priority consideration for a

20  position as a mediator in the Commission's Seattle office, Johnson v. E.E.O.C., C09-1867JCC

21  ---

[1] The regulation states the following:

22      A complainant who has filed an individual complaint . . . is authorized under title VII . . .
        to file a civil action in an appropriate United States District Court:

23      (a) Within 90 days of receipt of the final action on an individual or class complaint if no
        appeal has been filed;

24      (b) After 180 days from the date of filing an individual or class complaint if an appeal has
        not been filed and a final action has not been taken;

25      (c) Within 90 days of receipt of the Commission's final decision on an appeal; or

26      (d) After 180 days from the date of filing an appeal with the Commission if there has
        been no final decision by the Commission.

27  29 C.F.R. § 1614.407.

28  ORDER GRANTING MOTION TO DISMISS - 2

(W.D. Wash. Dec. 31, 2009) (Dkt. # 1) (Compl.); plaintiff argued that the Commission's conduct was discriminatory and retaliatory, <u>Johnson v. E.E.O.C.</u>, 2011 WL 814320, at *2 (W.D. Wash. Mar. 2, 2011); <u>Johnson</u>, C09-1867JCC (W.D. Wash. Feb. 22, 2011) (Dkt. # 53 at 7) (Pl. Brief) (arguing Commission breached the agreement and retaliated against plaintiff by terminating her temporary assignment to the mediation unit).  Here, plaintiff alleges that, after complaining about a subsequent breach of the agreement in 2014, she was appointed to this position in order to resolve this dispute, and that she subsequently faced discrimination and was retaliated against for complaining about the breach.  Dkt. # 3 (Am. Compl.) at 2.  According to plaintiff, this action seeks to "resurrect" her previous civil action in light of the Commission's more recent retaliatory conduct.  Dkt. # 12 at 3-5; <u>see</u> Dkt. # 3 (Am. Compl.) at 2-3.

The Court finds plaintiff's argument unsupported and unpersuasive, and it finds no authority or evidence indicating that plaintiff's claims have been exhausted (or that exhaustion is not required).  While it mentions her previous action, the Complaint here only alleges Title VII violations related to events occurring in 2014, years after the conduct giving rise to her previous suit.  Dkt. # 3 (Am. Compl.) (violations followed her new complaint about a breach and subsequent appointment as a mediator).  Ninth Circuit precedent indicates that, in some circumstances, claims arising after the filing of an EEO complaint need not be separately exhausted.  <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1100 (9th Cir. 2002) (new allegations of discrimination not included in an administrative charge may be considered if they are like or reasonably related to claims in the charge that will be properly exhausted, or fall within the scope of an EEOC investigation that reasonably could be expected to grow out of the charged allegations).  However, even assuming <u>arguendo</u> that plaintiff's previous retaliation claims were properly exhausted, plaintiff's current action concerns a distinct pattern of discriminatory and retaliatory conduct, and thus her current claims should be properly exhausted before she can raise them in this forum.  <u>Cf.</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110-13 (2002) (indicating that plaintiffs must exhaust their administrative remedies for each "discrete"

ORDER GRANTING MOTION TO DISMISS - 3

incident of discrimination or retaliation that rises to the level of an unlawful employment practice).

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss.  Dkt. # 8.  The Court DISMISSES this action without prejudice.  Accordingly, defendant's outstanding motion to stay is DENIED as moot.  Dkt. # 10.


DATED this 1st day of June, 2015.


Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 4